UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

L'ORÉAL USA CREATIVE, INC. and L'ORÉAL USA, INC.,

    Plaintiffs,

v.

DMYTRO NARTOV, a/k/a Dmytri Nartov, individually and d/b/a *beautance.com*, *beauteca.com*, *makeupdirect.com*, *skincare-warehouse.com*, and *shopgator.com*, NARTOV VENTURES LLC, SKINCARE DIRECT LLC, and SUGARING GLOBAL LLC,

    Defendants.

Case No. 1:19-cv-07127-DAB

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

---

    Plaintiffs L'Oréal USA Creative, Inc. and L'Oréal USA, Inc. (collectively, "Plaintiffs" or "L'Oréal") and Defendants Dmytro Nartov, a/k/a Dmytri Nartov, individually and d/b/a *beautance.com*, *beauteca.com*, *makeupdirect.com*, *skincare-warehouse.com*, and *shopgator.com*, Nartov Ventures LLC, Skincare Direct LLC, and Sugaring Florida LLC (collectively "Defendants") (all together, the "Parties") have consented to the entry of this Final Judgment and Permanent Injunction Upon Consent ("Consent Judgment") based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.  Plaintiff L'Oréal Creative, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 10 Hudson Yards, New York, New York 10001. It is the owner of certain intellectual property rights that it licenses exclusively to Plaintiff L'Oréal USA, Inc. in the United States, including the

1

trademarks that are the subject of the Complaint in this matter.

2. Plaintiff L'Oréal USA, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 10 Hudson Yards, New York, New York 10001. It is the exclusive licensee of the trademarks owned by L'Oréal Creative, Inc. in the United States. It markets skin care, sun care, cosmetics, perfumes and hair care products throughout the United States, including products sold under the SKINCEUTICALS brand.

3. Defendant Dmytro Nartov is an individual citizen of the State of Ukraine who resides and/or does business at 75 Maiden Lane, New York, New York 10038; 1 West Street, New York, New York 10004; 1040 Lytham Court, West Palm Beach, Florida 33411; and 1025 North Florida Mango Road Bay 6, West Palm Beach, Florida 33409, and otherwise does business in this judicial district.

4. Defendant Nartov Ventures LLC is a limited liability corporation organized and existing under the laws of Florida with a principal address at 1025 North Florida Mango Road, Suite 6, West Palm Beach, Florida 33409, and a mailing address at 1040 Lytham Court, West Palm Beach, Florida 33411. Defendant Dmytro Nartov is Nartov Ventures's CEO and registered agent, and Nartov Ventures does business in this judicial district.

5. Defendant Skincare Direct LLC is a limited liability corporation organized and existing under the laws of Florida with a principal address and a mailing address both at 1040 Lytham Court, West Palm Beach, Florida 33411. Defendant Dmytro Nartov is Skincare Direct's manager and Defendant Nartov Ventures is its registered agent, and Skincare Direct does business in this judicial district.

6. Defendant Sugaring Global LLC is a limited liability corporation organized and

existing under the laws of Florida with a principal address and a mailing address both at 1025 North Florida Mango Road, Suite 6, West Palm Beach, Florida 33409. Defendant Dmytro Nartov is Sugaring Global's manager and registered agent, and Sugaring Global does business in this District.

7. On July 30, 2019, L'Oréal commenced the above-captioned action by filing a Complaint against Defendants. The Complaint properly alleges claims against all Defendants for trademark counterfeiting and infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair and deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, and unfair competition under the common law of the State of New York.

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. This Court has personal jurisdiction over Defendants because each is a resident of the State of New York, regularly transacts and conducts business within the State of New York, or has otherwise made or established contacts with the State of New York sufficient to permit the exercise of personal jurisdiction.

10. Founded in 1997, SkinCeuticals, Inc. has become known as an innovator in the skin care field by using technology to deliver superior skin care results. L'Oréal acquired SkinCeuticals in 2005 and now distributes its SKINCEUTICALS products throughout the United States through limited and tightly controlled sales channels, including through medical professionals (such as dermatologists and plastic surgeons), medi-spas and other premium spas and resorts, and certain other authorized online and brick-and-mortar retailers.

11. L'Oréal has invested tens of millions of dollars in promoting and advertising its

3

SKINCEUTICALS products, including through print, video, and online advertising (including social media and search engine marketing), and also promotes its products through its SKINCEUTICALS website at *skinceuticals.com*, which receives more than 1.5 million annual visitors. In the years since 2005, when L'Oréal acquired the brand, tens of millions of units of SKINCEUTICALS products have been sold, generating hundreds of millions of dollars in gross revenue, and L'Oréal's SKINCEUTICALS products have received more than a hundred industry awards.

12. L'Oréal Creative, Inc. owns registrations for a number of trademarks that L'Oréal uses to identify its SKINCEUTICALS products in the marketplace, including the federal trademark registrations shown below used in connection with skincare and/or facial products ("L'Oréal's Registered Marks"):

- SKINCEUTICALS (U.S. Reg. No. 2,156,487);
- SKINCEUTICALS HYDRATING B5 GEL (U.S. Reg. No. 2,930,299);
- C E FERULIC (U.S. Reg. No. 3,497,589); and
- PHLORETIN CF (U.S. Reg. No. 3,574,640).

Each of the above-listed registrations is valid and subsisting and was valid and subsisting at the time of all acts alleged herein. L'Oréal has and had the exclusive right to use L'Oréal's Registered Marks, all of which are incontestable under 15 U.S.C. § 1065 and constitute conclusive proof of the validity of the registered marks.

13. Defendants used in commerce reproductions, counterfeits, and/or copies of marks owned and used by L'Oréal, including without limitation each of L'Oréal's Registered Marks, in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive. These goods are

identical in type to those listed in L'Oréal's relevant registrations, and the copies of L'Oréal's marks used by Defendants are identical to or substantially indistinguishable from L'Oréal's genuine marks.

14. Defendants' acts constitute trademark infringement and counterfeiting in violation of L'Oréal's rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin in violation of L'Oréal's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair and deceptive trade practices against L'Oréal in violation of N.Y. Gen. Bus. Law § 349, and unfair competition against L'Oréal under the common law of the State of New York.

15. L'Oréal has suffered damages and irreparable harm as a result of Defendants' conduct and will continue to suffer irreparable injury unless Defendants and their officers, agents, and employees, and all persons acting in concert with any of them, are enjoined from engaging in any further acts in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), N.Y. Gen. Bus. Law § 349, and the common law of the State of New York.

16. Defendants have agreed to cease all unlawful conduct identified herein, and the Parties have consented to entry of this Consent Judgment. The Parties have reached a settlement which is embodied in a separate Settlement Agreement. The Parties stipulate for purposes of enforcement of this Consent Judgment, and the Settlement Agreement, that personal jurisdiction and venue are found in the United States District Court for the Southern District of New York. Should L'Oréal prevail in any action to enforce this Consent Judgment, or the Settlement Agreement, it shall be awarded reasonable attorneys' fees and costs associated with the enforcement proceedings and any related investigations.

## **PERMANENT INJUNCTION AND ORDER**

Having considered the pleadings in this matter, and the parties having consented to the permanent injunction set forth below, IT IS HEREBY ORDERED THAT:

1. Judgment shall be entered against Defendants Dmytro Nartov, a/k/a Dmytri Nartov, individually and d/b/a *beautance.com*, *beauteca.com*, *makeupdirect.com*, *skincare-warehouse.com*, and *shopgator.com*; Nartov Ventures LLC; Skincare Direct LLC; and Sugaring Global LLC (collectively, "Nartov") on the claims of L'Oréal USA Creative, Inc. and L'Oréal USA, Inc.. Each party is to bear its own fees and costs.

2. Nartov, their directors, officers, agents, servants, employees, representatives, heirs, executors, attorneys, successors, assigns, and all others acting under their permission or authority or in concert therewith are permanently enjoined and restrained from selling, offering for sale, advertising, promoting, displaying, distributing, and otherwise trafficking in, any product bearing the marks SKINCEUTICALS (Reg. No. 2,156,487), SKINCEUTICALS HYDRATING B5 GEL (Reg. No. 2,930,299), C E FERULIC (Reg. No. 3,497,589), and PHLORETIN CF (Reg. No. 3,574,640) (collectively, the SKINCEUTICALS Marks), or any other marks owned and/or used exclusively by L'Oréal and/or its affiliates or licensees in the United States of which Nartov has actual or constructive knowledge (a current list of which is attached as Exhibit A and incorporated by reference herein) or any design, mark, trade dress, or other feature that is confusingly similar to any of the SKINCEUTICALS Marks or to any other marks or trade dress owned and/or used exclusively by L'Oréal and/or its affiliates or licensees in the United States of which Nartov has actual or constructive knowledge.

3. In the event that any Defendant violates any of the terms of this Consent Judgment, L'Oréal shall be entitled, in addition to all other available remedies, to obtain an

order for specific performance and/or injunctive relief, without posting any bond, and to recover from Defendants its expenses, including attorneys' fees, associated with the enforcement proceedings and any related investigations.

4. ~~The Court shall have continuing jurisdiction to enforce the provisions of the permanent injunction entered herein.~~ DAB 11/26/19

IT IS SO ORDERED this 26th day of November 2019.

*Deborah A. Batts*
United States District Judge

CONSENTED TO BY:

By: _____  By: _____
Robert Potter (RP 5757)            Michael Einbinder (ME 3930)
Kilpatrick Townsend & Stockton LLP  Einbinder & Dunn LLP
rpotter@kilpatricktownsend.com      me@ed-lawfirm.com
The Grace Building                  112 Madison Avenue, 8th Floor
1114 Avenue of the Americas         New York, New York 10016
New York, New York 10036            Telephone: (212) 391-9500
Telephone: (212) 775-8733           Facsimile: (212) 391-9025
Facsimile: (212) 775-8816

*Attorneys for Plaintiffs*          *Attorneys for Defendants*

# EXHIBIT A

Case 1:19-cv-07127-DAB   Document 20   Filed 11/21/19   Page 8 of 9

## MARKS OWNED AND/OR USED EXCLUSIVELY BY L'ORÉAL AND/OR ITS AFFILIATES IN THE UNITED STATES (OCTOBER 2019)

ACNE FREE

ATELIER COLOGNE

BAXTER OF CALIFORNIA

BIOLAGE

BIOTHERM

CACHAREL

CARITA

CAROL'S DAUGHTER

CERAVE

CLARISONIC

DARK & LOVELY

DECLÉOR

DERMABLEND

DIESEL

ESSIE

GARNIER

GIORGIO ARMANI PARFUMS/COSMETICS

GUY LAROCHE

IT COSMETICS

LAROCHE POSAY

LANCÔME

KÉRASTASE

KIEHL'S SINCE 1851

L'ORÉAL PARIS

L'ORÉAL PROFESSIONNEL

L'ORÉAL TECHNIQUE

MAISON MARGIELA

MATRIX

MAYBELLINE

MIZANI

NYX PROFESSIONAL MAKEUP

PULP RIOT

PUREOLOGY

RALPH LAUREN FRAGRANCES

REDKEN 5TH AVENUE NYC

ROGER & GALLET

SEED PHYTONUTRIENTS

SHU UEMURA ART OF HAIR

SKINCEUTICALS

SOFT SHEEN • CARSON

URBAN DECAY

VALENTINO

VICHY

VIKTOR & ROLF

YVES SAINT LAURENT (YSL)